IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ARTURO URIBE**, et al.,

      Plaintiffs,

vs.                      Civil No. **08-1049 MCA/ACT**

**HELENA CHEMICAL COMPANY**, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant Jeffrey Don Elmore's and Santiago L. Martinez's Motion to Dismiss* [Doc. 5] filed on November 13, 2008, and *Plaintiffs' Motion to Remand* [Doc. 15] filed on December 10, 2008. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion to remand and denies the motion to dismiss for the reasons set forth below.

## I.     BACKGROUND

On October 8, 2008, Plaintiffs filed this civil action against Defendants Helena Chemical Company, Jeffrey Don Elmore, and Santiago L. Martinez in the First Judicial District Court for the County of Santa Fe, State of New Mexico. Plaintiffs' *Complaint* [Ex. A to Doc. 1-2] alleges that they are residents of the State of New Mexico and that Defendants Elmore and Martinez also reside in the State of New Mexico. Thus, on its face, Plaintiffs' pleading presents no diversity of citizenship on which to assert federal jurisdiction under 28

U.S.C. § 1332.

Plaintiffs' *Complaint* asserts common-law tort claims for negligence, failure to warn, failure to timely intervene, negligent misrepresentation, negligence per se, intentional infliction of emotional distress, nuisance, trespass, malice, and gross negligence; however, no claims arising under federal law are included in Plaintiff's pleading. Thus, there is no federal question on which to assert federal jurisdiction under 28 U.S.C. § 1331.

Nevertheless, Defendants filed a *Notice of Removal Based on Fraudulent Joinder* [Doc. 1] on November 10, 2008, alleging that Plaintiffs fraudulently joined Mr. Elmore and Mr. Martinez as Defendants solely in order to defeat the diversity of citizenship requirement stated in 28 U.S.C. § 1332. Defendants further contend that the citizenship of Defendants Elmore and Martinez should be disregarded for purposes of determining if the jurisdictional requirement of diversity has been satisfied. These Defendants subsequently filed a motion to dismiss the claims against them. [Doc. 5.]

As evidence to support their contention that the joinder of Mr. Elmore and Mr. Martinez was fraudulent, Defendants have submitted a series of declarations which assert that, in their respective capacities as Branch Manager and Operations Manager, Mr. Elmore and Mr. Martinez lack decision-making authority over regulatory compliance and have never actively participated in any of the tortious acts or omissions alleged in Plaintiffs' *Complaint*. [Ex. B, C, D, E, F to Doc. 1-6.] Thus, according to Defendants, there are no viable distinct claims that can be asserted against Mr. Elmore or Mr. Martinez as individual Defendants, and Plaintiffs' *Complaint* instead must be directed at the company as the sole alleged tortfeasor.

Plaintiffs responded by filing a motion to remand [Doc. 15], which disputes Defendants' assertion that Mr. Elmore and Mr. Martinez were fraudulently joined. In their motion, and in response to the Defendants' motion to dismiss, Plaintiffs cite evidence and authority to show that they have viable distinct claims against Mr. Elmore and Mr. Martinez notwithstanding the contrary assertions set forth in the Defendants' affidavits. Specifically, Plaintiffs' pleading cites records of regulatory activity conducted by the New Mexico Environment Department [Ex. A to Doc. 1-2, at ¶ 33], which name Mr. Elmore and Mr. Martinez as direct participants in the acts or omissions giving rise to Plaintiffs' claims. Copies of such records are attached to Plaintiffs' motion papers. [Ex. A, B, C to Doc. 15; Ex. 1 to Doc. 13.]

## II.    ANALYSIS

Federal law provides that the United States District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part, that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand.  See  City of Neodesha v. BP Corp. N. Am., 355 F.Supp.2d 1182, 1185 (D. Kan. 2005) (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3rd Cir.1990)).  When removal is challenged, the burden rests with the removing party to prove that jurisdiction exists.  In this regard, diversity jurisdiction depends upon all parties to one side of the case having a different citizenship from all parties to the opposing side.  Id.

In some instances, a removing party may assert diversity jurisdiction on the grounds that a non-diverse party was fraudulently joined.  The Tenth Circuit has explained that

> upon specific allegations of fraudulent joinder the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available . . . . The joinder of a resident defendant against whom no cause of action is stated is patent sham . . . and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists . . . . This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.

Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).  The party asserting fraudulent joinder bears a heavy burden inasmuch as that party must demonstrate that there is no possibility that the non-removing party would be able to establish a cause of action against the joined party in state court.  See  Montano v. Allstate Indemnity, 211 F.3d 1278, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. 2000) (unpublished disposition).  After initially resolving all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party, the Court's task is "then to determine whether that party has

any possibility of recovery against the party whose joinder is questioned." Id. "[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." Id. (*citing* Green v. Amerada Hess Corp., 707 F.2d 201, 207 (5th Cir.1983)).

In the present case, it cannot definitively be said that no cause of action is possibly viable against Mr. Elmore or Mr. Martinez in their individual capacities. See id. The regulatory documents submitted by Plaintiffs and cited in their pleading suggest that Mr. Elmore served as the main point of contact with regulatory authorities concerning a variety of day-to-day operations at the facility which spanned a considerable period of time and involved more than a single item of equipment. These documents also evince Mr. Elmore's knowledge of the operations of concern to the regulatory authorities. In these respects, the pleadings and evidence of record in this case are distinguishable from In re: 1994 Exxon Chem. Fire, 558 F.3d 378, 386-87 (5th Cir. 2009), which involved a single discrete incident involving the faulty repair of a valve in which none of the non-diverse defendants directly or individually participated.

The pleadings and evidence of record further indicate that both Mr. Elmore and Mr. Martinez held or assumed responsibility for inspections and recordkeeping, and that their omissions or misrepresentations regarding such responsibilities are causally related to the injuries alleged in Plaintiffs' *Complaint*. That Messrs. Elmore and Martinez were not responsible for establishing the company's official written policies regarding regulatory compliance does not necessarily absolve them of individual liability for knowingly failing to comply with such official policies or directly participating in the tortious acts and

5

omissions set forth in Plaintiffs' pleading.

New Mexico law recognizes that "'an agent may be held individually liable for his own tortious acts, whether or not he was acting for a disclosed principal.'" Montano, 211 F.3d 1278, 2000 WL 525592, at *3 (quoting Kreischer v. Armijo, 118 N.M. 671, 884 P.2d 827, 829 (Ct. App. 1994)).  Thus, a "corporate structure does not shield a person from his or her personal involvement in tortious conduct."  Brophy v. Ament, No.  07cv751 JB/KBM, 2008 WL 4821610, at *10 (D.N.M. July 9, 2008) (unpublished memorandum opinion and order collecting New Mexico authorities).  Viewed in the light most favorable to Plaintiffs, the pleadings and evidence of record in this case raise a fair and reasonable inference that Messrs. Elmore and Martinez had such personal involvement with respect to the tortious acts and omissions which allegedly caused Plaintiffs' injuries.

Defendants would have the Court draw contrary inferences and view the evidence in their favor before Plaintiffs have the opportunity to conduct discovery.  For purposes of applying the "fraudulent joinder" doctrine, however, it is not this Court's role to resolve the disputed facts concerning the merits of the individual claims against Messrs. Elmore and Martinez, or provide a definitive interpretation of New Mexico law regarding each cause of action asserted in Plaintiff's *Complaint*.  Rather, the Court's role at this preliminary juncture is limited to determining whether Defendants have met their heavy burden of showing that Plaintiffs have *no possibility* of recovery against Mr. Elmore or Mr. Martinez.  See Wyckoff v. Boston Scientific Corp., No. 04-1194, 2005 WL 4001448, at *4 (D.N.M. 2005) (unpublished memorandum opinion and order).  In determining whether Defendants have

met this burden, the Court is required to resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the Plaintiffs.  See id. at *3.

Viewed in this light, I must conclude that Messrs. Elmore and Martinez were not fraudulently joined.  It follows that diversity of citizenship is lacking because Defendants Elmore and Martinez share the same citizenship as the Plaintiffs under 28 U.S.C. § 1332(c)(2).  This action therefore must be remanded to state court.

While the Court unequivocally finds that Defendants have not met their heavy burden of proving the fraudulent joinder of a non-diverse Defendant, I also find that Defendants nevertheless had an objectively reasonable basis for asserting their novel (though ultimately incorrect) arguments in favor of removal.  Accordingly, the Court declines to award attorney fees or costs to Plaintiffs.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

## III.   CONCLUSION

For the foregoing reasons, the Court determines that this action must be remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorney fees.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Remand* [Doc. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that  *Defendant Jeffrey Don Elmore's and Santiago L. Martinez's Motion to Dismiss* [Doc. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the First

Judicial District Court for the County of Santa Fe, State of New Mexico pursuant to 28

U.S.C. § 1447(c), each party to bear its own costs and attorneys' fees.

      **SO ORDERED** this 8th day of July, 2009, in Albuquerque, New Mexico.

 

 

**M. CHRISTINA ARMIJO**
United States District Judge